FILED

OCT 20 ___ 9: 10

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **C. HAGER & SONS HINGE MANUFACTURING COMPANY,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | CV 99-N-1663-E |
| vs. ] | |
| ] | |
| **HOME INSURANCE, et al.,** ] | |
| ] | |
| Defendants. ] | |

ENTERED
OCT 20 2000

**Memorandum of Opinion**

The court has for consideration four motions made by the plaintiff. The court held a hearing on two of the motions on June 1, 2000: Motion to Compel Responses to Interrogatories by Defendants (Doc. 59) and Motion to Compel Production of Documents by Defendants (Doc. 57). During that hearing, plaintiff specified the questions on which plaintiff requested that the court rule, due to the fact that many of the items requested in plaintiff's motions had been agreed upon between the parties or plaintiff agreed to withdraw them from the court's consideration. As such, the court will only rule on the issues raised by the plaintiff at the hearing and specified in this order; all other requests by the plaintiff in those two motions are considered withdrawn without prejudice.

In addition, the court will address plaintiff's Motion to Compel Defendant's Responses to Hager's Second, Third, and Fourth Sets of Discovery Requests (Doc. 76) in this order. The motion is hereby **DENIED**. After two previous motions and a hearing, the court is unsure which issues in the motion are currently outstanding in the case. The court was under the impression, after the June 2000 hearing, that many of the issues plaintiff raises



in its September 2000 motion were worked out between the parties. Alternatively, many of the issues in dispute were presented to the court at the June 2000 hearing and will be ruled on in this motion. Further, Hager's motion does not provide the court with specific information to allow the court to rule on the motion. Defense counsel most ably point out in their responses to plaintiff's motion that plaintiff's discovery requests are over broad and vague. It would be a waste of the court's time to attempt to decipher these requests and address each in turn. If plaintiff desires the court to compel any discovery that is not addressed in this order and has not been agreed upon by the parties, the plaintiff must submit any requests to the court no later than **November 15, 2000**. If the plaintiff requests the court to compel any further discovery, the plaintiff should be very specific as to what discovery they ask the court to compel, to what parties, and why. The plaintiff should review Federal Rules of Civil Procedure Rule 26(b) before making any further requests of the court. The amount of paperwork and requests for the court to take action against the defendants has forced the court to dedicate an inordinate amount of time and effort to trying to figure out the nature of these discovery disputes. Parties should be aware that the court does not enjoy nor desire to be a part of the continuing discovery disputes present in this case.

Finally, the court will address plaintiff's Motion for Leave of the Court to Conduct Additional Depositions Concerning any Discovery Compelled Pursuant to Hager's Motion to Compel (Doc. 75) in this order. The court will allow additional discovery as to one interrogatory, as specified below.

2

With the above background in mind, the court will now address the substance of the initial motions to compel production and interrogatories. The plaintiff's Motion to Compel Production of Documents by Defendants (Doc. 57) is **DENIED IN PART** and plaintiff's Motion to Compel Responses to Interrogatories by Defendant (Doc. 59) is **GRANTED IN PART**.

During the June 2000 hearing, plaintiff raised four discovery requests in dispute. These issues will be discussed in the order the plaintiff presented them to the court at the hearing.

First, plaintiff seeks to compel production of other insured's claims from U.S. Fire and Maryland Casualty. Plaintiff seeks only those cases which involve environmental ground water contamination claims on sites in Alabama and Missouri. The plaintiff would use these cases in order to possibly show how identical policy language may have been afforded differing interpretations by the insurer and/or a different interpretation than the original drafters. Defendants believe those case files are not relevant to this case, the burden of finding those cases in their files too great, and confidential information of other companies would be revealed. The case law discussing this issue is not very helpful, as there is a great division of thought on this issue and each case can likely be distinguished from the facts of this case.

This court believes plaintiff's request should be denied. First, the requested files of other insureds are of questionable relevance. In this case, the insurers did not investigate or make a decision regarding coverage for the plaintiff before this lawsuit was filed because they did not have the opportunity to do so. As a result, claim files which include the

3

investigation of a claim and a determination of coverage by the insurer are not relevant in this case. Second, the defendants would be presented with an enormous burden of manually finding each case file involving a ground water contamination in Alabama or Missouri. There appears to be no easy way for the insurers to determine which case files fit this criteria and to retrieve them. The time and expense of searching through thousands of case files is not outweighed by the slight possible relevance of the files. Plaintiff's Motion to Compel is **DENIED** with respect to "other insureds" files.

Second, plaintiff seeks, from Maryland Casualty only, the drafting history and interpretive materials for the contracts in dispute in this matter. The forms used by Maryland Casualty are standard forms drafted by a group named Insurance Services Organization (ISO). Maryland Casualty does not have the materials the plaintiff seeks; these materials are held by the ISO. Further, Maryland Casualty already has provided the plaintiff with the underwriting files, which include all of the correspondence between the parties regarding the contract. In summary, Maryland Casualty has provided the plaintiff with the information requested or told the plaintiff where to find the documents the plaintiff requests, and Maryland cannot provide documents it does not have. Therefore, the Motion to Compel is **DENIED** with respect to these documents.

Third, plaintiff seeks to compel defendants answer to an interrogatory asking for the provisions on which the insurance companies rely as defenses in this case. It appears from the parties' statements at the hearing that all parties agree to provide this information; the question is within what time frame are they required to do so. The Court is unaware of the current status of this issue, but hereby orders defendants, if they have not already provided

4

such information to Hager, to provide such information to Hager no later than December 1, 2000. Hager Motion to Compel is **GRANTED** with respect to this interrogatory.

Fourth, the plaintiff seeks reinsurance policies from U.S. Fire and Maryland Casualty. Some courts have found reinsurance agreements of very tenuous relevance in declaratory judgment actions. *See Independent Petrochemical Corp. v. Aetna Cas. & Surety Co.,* 117 F.R.D. 283, 288 (D.D.C. 1986) (holding that reinsurance information, at the point in the proceeding to determine coverage, is not relevant); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 139 F.R.D. 609, 613 (E.D. Pa. 1991) (same); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989) (holding that reinsurance policies are normally of very tenuous relevance and therefore not discoverable, except in case in which the insurance policy is lost and the reinsurance policy is needed to "reassemble terms of original contract which is now unavailable"). Other courts have found reinsurance to be discoverable under Rule 26(a)(1)(D), which lists as a required disclosure "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(D). *See Potomac Electric Power Co. v. California Union Ins. Co.*, 136 F.R.D. 1, *2 (D.D.C. 1990) (determining reinsurance policies are discoverable in case in which insured had settled underlying action by agreeing to cleanup environmental contamination and then sued insurer to recover costs of cleanup and attorneys fees); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp.*, 116 F.R.D. 78, 85 (N.D. Ill. 1987) (holding that reinsurance policies were relevant to interpret communications of insurer with reinsurers, but "even were that not the case, the

reinsurance agreements are discoverable under Rule 26(b)(2)," in suit in which insurers sued insured to avoid liability under insurance policies); *Great Lakes Dredge & Dock Co. v. Commercial Union Assur. Co.,* 159 F.R.D. 502, 503-04 (N.D. Ill. 1995) (holding, in declaratory judgment action, that reinsurance policies must be produced because "[a] declaratory judgment against [insurers] in this case will lead inevitably to the payment of monetary claims").

This court believes the better view is not to require reinsurance policies to be produced in a declaratory judgment action because these policies are not relevant and not required to be disclosed under Rule 26. Rule 26 specifies that all insurance policies must be produced which would satisfy a judgment in this action, not necessarily in possible future actions. No monetary judgment will be awarded in this action, only a determination of insurance coverage for the plaintiff. The court does not dispute that the production of reinsurance policy information may be required in future actions between the plaintiff and the defendants, but the disclosure of reinsurance policies is not required in this case. Therefore, plaintiff's Motion to Compel the production of reinsurance policies is **DENIED**.

Done, this 20th of October, 2000.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE