UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION



ENTERED
MAR 0 6 2001

| | | |
|---|---|---|
| C. HAGER & SONS HINGE MANUFACTURING COMPANY, | ] ] ] ] | |
| Plaintiff(s), | ] ] | |
| vs. | ] ] | CV-99-N-1663-E |
| THE HOME INSURANCE COMPANY, et al., | ] ] ] ] | |
| Defendant(s). | ] | |

**Memorandum of Opinion**

The Court has for consideration plaintiff's Supplemental Motion to Compel Responses to Hager's Interrogatories and Requests for Production [Doc. 90] and plaintiff's Motion for Reconsideration of Court's 10/20/2000 order [Doc. 91]. The motions have been briefed and are ripe for decision. Upon due consideration, the motions are **DENIED**.

**I.    Supplemental Motion to Compel**

    **A.    Agency Agreements**

Plaintiff "seek[s] all contracts and agreements between Defendants and/or their affiliated entities" and thirteen persons or entities.[1] Plaintiff requests any of the above documents in place from 1978 until the present. Plaintiff also requests the defendants tell it which brokers/agents within the group of thirteen with which defendants never had an agreement. (Hager's Supplemental Mot. to Compel at 3.) According to plaintiff, "[t]hey are reasonably calculated to lead to the discovery of admissible evidence, as some or all of

---

[1] Plaintiff admits central National and U.S. Fire provided adequate responses to plaintiff's requests for agency agreements. (Pl.'s Reply [Doc. 100] at 2.)



these persons/entities may be or may have been agents of the defendants during the time in which key events relating to coverage took place." (*Id.*)

The Home responds that it "already has produced the only agency contracts it has that even arguably are relevant." (Home's Opposition Br. at 4.) Central National and U.S. Fire claim, and the plaintiff agrees, that they provided adequate response to the plaintiff. Maryland Casualty and Northern argue that they provided plaintiff with the agency agreements for the time period 1990 through 1997, the only relevant time period. Additionally, Maryland Casualty and Northern contend that plaintiff's request for agency agreements from Zurich American Insurance is unnecessary as Zurich is not a party to this case and plaintiff has no "business relationship, claim or policy with Zurich that is at issue in this case." (Maryland Casualty's Resp. at 4.)

The Court finds the defendants have provided ample documentation. This portion of the motion is **DENIED**.

### B.     Interpretation of Policy Provisions[2]

Plaintiff seeks a list of "all documents and things concerning interpretation of any clause of any policy which any defendant intends to assert as a defense in this case" (Hager's Supplemental Mot. to Compel, Ex. A at 2) and "[a]ll communications concerning the meaning and scope of those provisions of the insurance policies at issue which any

---

[2] In plaintiff's reply brief, it alleges that defendants failed to supply information to plaintiff, as ordered by this Court, regarding the insurance contract provisions upon which the defendants rely as defenses in this case. (Hager's Reply at 4.) The plaintiff made no such allegation in its motion and therefore did not move the Court to compel the defendants to provide such information. Moreover, if the court were to take plaintiff's allegations in its reply brief as a request for the Court to compel defendants to produce such information, the defendants would have no opportunity to respond to plaintiff's allegation. Further, the Court does not intend for this case to continue indefinitely, and that will be the situation if the court continually entertains plaintiff's requests. The Court gave the plaintiff an opportunity to move the Court to compel interrogatories and requests for production, and plaintiff should have included the request in a motion if it desired the court to take action to enforce an order.

defendant intends to raise as a defense in this case." (*Id.*, Ex. B at 2.) Defendants Maryland Casualty Company and Northern Insurance Company contend that the information is irrelevant because it is extrinsic evidence, and as no ambiguity exists in the insurance contract, there is no need to use such evidence to assist in interpreting the contract. Defendants Central National, U.S. Fire, and The Home contend that they have provided all requested information to plaintiff.

In the Court's October 20, 2000 order, the court addressed a similar request from plaintiff. Plaintiff sought drafting history and interpretive materials from Maryland Casualty only. The Court denied plaintiff's request because Maryland Casualty either had already provided the materials to plaintiff or did not have the materials to provide to plaintiff. The Court is unclear as to how the current request differs from the previous request. In the previous request, plaintiff sought drafting history and interpretive materials for the contracts in dispute in this matter. In the current request, plaintiff seeks all documents and things concerning the interpretation of any policy provision, in the contracts in dispute in this matter, that defendants intend to assert as a defense. It appears the plaintiff is seeking the same information, at least from Maryland Casualty, that it previously received. The Court previously determined that Maryland Casualty provided this information to plaintiff. At the hearing on the previous motion to compel, counsel for plaintiff stated: "The second issue is I have requested the drafting history and interpreted [sic] materials for the contracts in dispute here. Three of the four defendants have agreed to produce this material or do not have any. The only insurance company that's fighting this request in Maryland Casualty." (Tr. of Mot. Hr'g [Doc. 68] at 5.) So, either the other defendants never produced the materials, although they claim they have and plaintiff has made no mention of the fact that

3

they have not, or plaintiff is asking for something it already has, does not exist, or has been provided to it.

The Court finds the latter to be the case. This portion of the motion is **DENIED**.

### C.   Claims History for Defendants' Policies Involved in this Lawsuit

Plaintiff argues that this request "is reasonably calculated to lead to the discovery of admissible evidence, such as whether or not defendants ever paid Hager for previous claims, which could possibly reduce Defendants' potential liability to Hager, and how Defendants have received notice from Hager in the past." (Hager's Supplemental M. to Compel at 7.) Defendant The Home contends that its designee already testified under oath that no information about a prior claim was located. Maryland Casualty argues that plaintiff's request calls for the production of claims unrelated to environmental contamination and the specific policy provisions in this case. Such information would be extrinsic evidence and therefore not applicable to this case. Maryland Casualty agrees, however, to produce unprotected and non-privileged documents from any claim file related to a claim by plaintiff that concerned environmental contamination. Central National and U.S. Fire believe the request is irrelevant because no notice was provided and therefore no claims investigation, other claim files could not be compared to the situation in this case.

As The Home already has provided such information and Maryland Casualty agrees to produce certain claims files, the motion is **DENIED** as to Central National and U.S. Fire.

### D.   State Law

The interrogatory in question reads: "Please state what state's laws apply to any aspect of this case and the aspect to which the law applies." (Hager's Supplemental Mot.

to Compel at Ex. A.) Plaintiff provides the Court with it's version of an appropriate answer: "The Home contends that Alabama Law applies to all aspects of this case."

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

Fed. R. Civ. P. 33(c). Plaintiff has received its answer in part from Maryland Casualty, who in their brief contends that Missouri law will apply to issues relating to the insurance contract. (Maryland Casualty's and Northern's Resp. at 5.) The Court finds that this issue will soon be resolved in ruling on the summary judgment motions pending before the Court, but if it is not resolved in that arena, the court will revisit this issue at a later time.

### E. Parent/Subsidiary Relationships with Zurich American Insurance, Crum and Forster Insurance, and Chubb Group of Insurance Companies

The interrogatory specifically "seeks all parent and subsidiary business entities for each defendant and the time period each business entity was a parent or subsidiary of any defendant." (Hager's Supplemental Mot. to Compel at 9.) Plaintiff argues the sought-after information is relevant to determine "if the proper corporate entity has been sued, and if other affiliated corporate entities maintain documents and information relevant to the case." (*Id.*) Defendant Maryland Casualty claims this information was provided to plaintiff through the deposition of Denise L. Speer. Defendant The Home believes this request to be a "red-herring" because "Plaintiff never has pleaded any relationship with, or involvement of Zurich; Zurich had no involvement in underwriting or claims handling for The Home policies; The Home's transactions with Zurich post-date the alleged oral notice to Mr. Engler; and The Home never has disputed that it is the proper defendant regarding its policies."

(Defendant The Home's Opposition at 5.)  Central National and U.S. Fire join in The Home's response.

This portion of the motion is **DENIED**; the information is not relevant and is truly a part of a "fishing expidition."

F.    **Case Cites for other Environmental Claims Involving Defendants**

This interrogatory requests the case law citations for any lawsuits involving environmental claims in which defendants "were a party and which were pending in Alabama or Missouri." (Hager's Supplemental Mot. to Compel at 9.) In the Court's October 20, 2000 order, the court denied plaintiff discovery of other insured's claims.  In that order, the court wrote that "[t]he time and expense of searching through thousands of case files is not outweighed by the slight possible relevance of the files."  Defendant's current request seems to seek some of the same information by having defendants do plaintiff's legal research and provide it with a list of case citations.  This request is denied.  The Court doubts that the defendants keep handy a list of all of the case citations of which they were involved, and will have to go back through case files, which was prohibitive for some defendants, and/or search Lexis or Westlaw to find these cases, something the plaintiff can do itself.

G.    **Late Responses**

Plaintiff alleges Maryland Casualty and Northern did not timely respond to plaintiff's Third Set of Requests for Production, served June 23, 2000.[3]  Plaintiff requests the court

---

[3]In its supplemental motion, plaintiff also alleges that Maryland Casualty and Northern did not provide answers to plaintiff's Fourth set of Interrogatories or Requests for Production.  In fact, Maryland Casualty and Northern did serve these answers in a timely manner.  The plaintiff's lack of knowledge about what it has received in discovery forces the court to question whether the plaintiff knows what it is missing and what it has in its possession.  For example, plaintiff contended Central National and U.S. Fire did not produce all of the required

find that all objections are waived. Maryland Casualty and Northern admit they do not have a notice of service, although they believe the responses were sent with the interrogatories in a timely manner. When Maryland Casualty and Northern found out the responses had not been received by plaintiff, they faxed them over immediately.

"Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The case law exemplifies large differences in how courts view good cause and waiver. This Court finds that such a harsh penalty, especially in light of the Court's determination that some of plaintiff's requests are unwarranted, is not deserved here. The defendants thought they had timely answered the request for production, and when it was called to their attention that they did not do so, they immediately faxed them over, proving they had the answers previously prepared.

## II.     Motion for Reconsideration of Court's 10/20/2000 Order

### A.     Other Insureds' Groundwater Contamination Claims Concerning Missouri and Alabama

The plaintiff asserts that the Court incorrectly denied its request to compel the defendants to produce other insureds' files. Whether the proper notice was provided to the defendants or not, no investigation of the claim was completed, and considering the substantial burden on defendants to produce the materials requested and their slight possible relevance, this portion of plaintiff's motion is denied.

---

agency agreements, and in its reply brief admitted that both defendants satisfactorily complied with the request. (Pl.'s Reply at 2 n.1.)

### B. Reinsurance Policies of Defendants

"[R]einsurance is an insurers' effort to secure indemnification from another insurer against loss of or liability because of a risk assumed by the initial insurer under a contract between it and a third person." *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 139 F.R.D. 609, 611 (E.D. Pa. 1991); *see also* Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 9:2 (3d ed. 1997) ("A 'true' contract of reinsurance, as opposed to the various other types of agreements that may have that label applied to them[ ] is one by which an insurer procures a third person to insure him or her against loss or liability by reason of such original insurance."). Plaintiff urges the Court to reconsider its decision denying the discovery of reinsurance policies because the Court noted that no monetary judgment will be awarded in this action, without acknowledging that the plaintiff also brings a breach of contract claim. The Court finds, however, that at this point in the litigation these policies are of such tenuous relevance that they are not discoverable. In the Complaint, plaintiff sets out no certain sum of damages sought, and the Court is unclear as to the true role reinsurance policies would play here.

An appropriate order will be entered with this memorandum of opinion.

Done, this 5th of March, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE